**HYACINTH T. GEORGE, Plaintiff**

v.

**COMMISSIONER OF LABOR, GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

Civil No. 1988-9

District Court of the Virgin Islands

Div. of St. Croix

December 6, 1989

GORDON C. RHEA, St. Croix, V.I., *for petitioner*

JACQUELINE W. MILLS, Assistant Attorney General, St. Croix, V.I., *for respondent*

McGLYNN, *Presiding Judge*

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on writ of review of the December 15, 1987 decision of the Commissioner of Labor determining that "eating place" as used in V.I. Code Ann. tit. 24, § 252(a) (Supp. 1989) refers only to a commercial eating establishment.

Petitioner was employed by the St. Croix Hospital. On June 19, 1987, petitioner and a co-worker friend, Yvonne Hyland, left work for a lunch break. Petitioner and Hyland were traveling to Hyland's house to have lunch there. While traveling to Hyland's house, petitioner and Hyland were injured in an automobile accident. Petitioner was on an authorized break. Petitioner filed for workers' compensation benefits, which claim was denied by the Commissioner of Labor.

██ The relevant Virgin Islands Workers' Compensation Statute, V.I. Code Ann. tit. 24, § 252(a) provides in part:

Injuries resulting from travel to and from home immediately before or after working hours and injuries resulting from travel to and from an eating place during an authorized break period shall be considered as arising out of and in the course of employment, provided that such travel is by a reasonably direct route.

The term "eating place" is not defined anywhere in the statute. In interpreting the statute, the Commissioner stated:

The Statute does not define eating place, [sic] consequently, in the interpretation of Statute, [sic] absent of statutory definition, the common and ordinary meaning is given to the words. Eating place, therefore, is interpreted to mean a commercial business establishment and not a private home.

The Commissioner therefore denied petitioner's claim for workers' compensation. Petitioner challenges the Commissioner's interpretation and asks this court to reverse the order of the Commissioner.

The Supreme Court has addressed the issue of a reviewing court's role in evaluating an administrative agency's construction of a statute:

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether [the Legislature] has directly spoken to the precise question at issue. If the intent of [the Legislature] is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of [the Legislature]. If, however, the court determines [the Legislature] has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–43 (1984) (footnotes omitted). See also Grocery Town Market, Inc. v. United States, 848 F.2d 392, 394 (3d Cir. 1988). Petitioner has not cited, nor has the court found, any legislative history indicating the unambiguous intent of the Legislature. Consequently, the question is whether the Commissioner's interpretation is a permissible construction of the statute. As noted in Chevron, "The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." Chevron, 467 U.S. at 843 n.11. See also Cvikch v. Railroad Retirement Board, 860 F.2d 103, 108 (3d Cir. 1988); Chapman v. United States Dept. of Health & Human Services, 821 F.2d 523, 527 (10th Cir. 1987); International Brotherhood of Electrical Workers v. National Labor Relations Board, 814 F.2d 697, 714 (D.C. Cir. 1987).

■ Under the standards as enunciated by the Supreme Court, the court cannot say that the Commissioner's interpretation is impermissible. Should the Legislature disagree with the Commissioner's interpretation, it is, of course, always free to amend the statute accordingly.

The premises considered, now therefore it is

ORDERED:

THAT the decision of the Commissioner of Labor is AFFIRMED.